LAWRENCE FREEMAN v. STATE.

No. A-3339. Opinion Filed Sept. 22, 1919.

(183 Pac. 626.)

Appeal from County Court, Tulsa County; H. L. Standeven, Judge.

Lawrence Freeman was convicted of a violation of the prohibitory liquor law, and appeals. Affirmed.

Ed Crossland, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Lawrence Freeman, was convicted in the county court of Tulsa county on a charge that he did have possession of 58 pints of whisky, 11 quarts of whisky, one gallon of alcohol. and two pints of champagne, with the intent to sell the same, and in accordance with the verdict of the jury he was sentenced to be confined for 30 days and to pay a fine of $50.

The sole question presented is the sufficiency of the evidence to support the verdict.

Jim Patton testified that in serving a search warrant he saw the defendant at the Oliver Hotel, on East First street, city of Tulsa, going upstairs; that he and another officer followed him, and found the liquor described in the information in the linen room under a trap door in the floor; that he often saw the defendant there, and that his wife stayed upstairs.

T. L. Powell testified that defendant, Freeman, was running the place; that he with two or three other officers served a search warrant; that down stairs there was a long bar, cigar case, with the back room partitioned off. and a little counter in there: that he and the officers broke through the back door, and defendant turned out the lights; that they found in the floor of a clothes closet up stairs a secret door. and under this they found the whisky, alcohol, and wine described in the information; that he had been there about 15 times. and defendant was always there; that at those times defendant acted as proprietor.

The only evidence introduced by the defendant was that of his attorney, who testified that witness Powell had told him on two occasions that he did not know of his own knowledge that Lawrence Freeman owned this place.

We think that upon this evidence it was purely a question of fact for the jury to determine whether the defendant had the possession of the liquors seized. Questions of fact are to be decided by the jury, and, where the evidence reasonably supports the verdict, the judgment will be affirmed.

The judgment is affirmed.